Frank Paul Sylos, Sr. and Kathryn Sylos v. Commissioner.
Sylos v. Commissioner
Docket No. 1737-64.
United States Tax Court
T.C. Memo 1966-151; 1966 Tax Ct. Memo LEXIS 132; 25 T.C.M. (CCH) 806; T.C.M. (RIA) 66151; June 28, 1966
*132 Frank Paul Sylos, Sr., pro se, 1029 Cornell Drive, Burbank, Calif. Richard L. Fishman, for the respondent. PIERCE Memorandum Opinion PIERCE, Judge: The respondent determined deficiencies in income tax and additions to tax in respect of the petitioners, Frank Paul Sylos, Sr. and Kathryn Sylos, as follows: Addition to tax
Calendar
Sec. 6653(a)
year
Deficiency
1954 Code
1959
$893.38
$44.67
1960
873.51
43.68 Said petitioners are husband and wife residing in Burbank, California. They filed a joint Federal income tax return for each of the taxable years, with the district director of internal revenue at Los Angeles. The issues herein relate only to the husband, Frank Paul Sylos, Sr., whom we will hereinafter refer to as the "petitioner." The issues for decision are: (1) Whether for each of the taxable years the petitioner is entitled to deduct various claimed amounts, as ordinary and necessary business expenses and as depreciation of property used in his trade or business. (2) Whether for each of the taxable years, an addition to tax for negligence under section 6653(a) of the Internal Revenue Code of 1954, *133 should be imposed. Some of the facts have been stipulated, and they are so found. The stipulation of facts and all exhibits identified therein are incorporated herein by reference. Re Issue 1 Petitioner moved to Southern California from New York in about the year 1937, and since then his principal occupations have been: Working as an art director on a salaried basis for various motion picture studios in the Hollywood area; and also working part time, from his residence, as an independent contractor in art direction work for various commercial organizations in connection with television advertising. In his income tax returns for the taxable years 1959 and 1960 here involved, petitioner reported gross receipts and claimed deductions related thereto, as follows: Deductions claimed
Gross
for business expenses
Year
receipts
related to receipts
1959
Salary from Toreto Films, Inc.
$13,135.13
None
Independent contracting
975.00
$4,527.20
1960
Salary from Toreto Films, Inc.
14,609.32
None
Salary from S. Goldwyn Productions
430.00
None
Independent contracting
2,972.50
3,975.24
The respondent, in his notice of deficiency *134 herein, disallowed all except minor portions of the above-mentioned claimed deductions for business expenses. Petitioner and his wife then filed the petition with this Court, in which he not only claimed error in the disallowance of said deductions, but also claimed additional deductions for business expenses and for depreciation of property used in his trade or business. A summary of the items and amounts which petitioner now claims to be deductible as business expenses and as depreciation in respect of his independent contracting business, and also our opinions respecting the portions thereof which we here find and hold to be deductible, are as follows: Expenses and Depreciation Relating to Studio Maintained in Petitioner's Home In about November 1943, petitioner purchased the family home in Burbank which he occupied during the taxable years involved, for the price of $7,500. [1] For several years following this, petitioner's drawing and art work in connection with his independent contracting were performed by him on the kitchen table in that home. Thereafter at some time in the 1950's (petitioner was unable to fix the approximate year), he enlarged one room of this house *135 that had theretofore been used as a den, by moving certain walls so as to enlarge the room and by installing therein a large window. He then moved his art equipment into this improved room and thereafter used it as a studio-office for his independent contracting work. The principal equipment in said studio was a tilt table and chair; and two side tables, on one of which he kept his books and research material and on the other of which he kept his drawing and drafting materials. In one corner of the room there was a telephone equipped with a long extension cord which permitted it to be carried either into his teen-aged daughter's bedroom or into the family living room - both of which adjoined the new studio-room. This telephone was used not only by petitioner but also by his wife and daughter. The area of the studio-room together with a closet and entryway, represented about 21.5 percent of the entire area of the house which was all on one floor and which also contained a kitchen and dinning area, a living room, *136 two bedrooms, and a bathroom. Petitioner now claims in his reply brief, the following deductions as business expenses and depreciation with respect to said studio-room for the taxable years 1959 and 1960: Deductions claimed
Item
1959
1960
Heat and/or air condition-
ing
$ 22.12
$ 24.36
Light
32.99
27.54
Telephone
144.00
84.00
Insurance
77.90
77.90
Interest on real estate mort-
gages
92.32
84.55
Taxes on real estate
208.05
209.44
Depreciation
597.31
597.31
After considering and weighing all the evidence regarding these items, and also after making certain approximations as best we can in accordance with the principle of Cohan v. Commissioner, (C.A. 2) 39 F. 2d 540, we hereby find and hold that the following amounts are deductible with respect to the foregoing items: 1. As regards the above-stated amounts claimed as deductions for heat, light and telephone for each of the years 1959 and 1960, we find and hold that all of these amounts are allowable as business deductions. 2. As regards the above-stated amounts claimed as deductions for insurance for the taxable years, these represent approximately 67.5 percent of insurance *137 premiums totaling $115.41 per year, which were paid on policies covering the entire house. It is our opinion that these claimed amounts are excessive, since the area of the studio together with closet and entryway represented (as we have hereinbefore found) only about 21.5 percent of the entire area of the house. Accordingly, we here find and hold that the amounts deductible for insurance in respect of the studio, are $25 per year for each of the two taxable years involved. 3. Regarding the amounts claimed as deductions for interest on real estate mortgages and taxes, these represented about 62.2 percent of the total amounts paid in each of the taxable years in respect of his entire residence property, including both land and buildings. The total amounts so paid for these items in each of said years were previously claimed as itemized personal deductions on petitioner's income tax returns for said years; and no portion of the amounts so claimed was disallowed by respondent in his notice of deficiency. Petitioner has established no prejudice or error in the amounts thus previously claimed and allowed as personal deductions; and the evidence herein is insufficient for making allocations *138 of the same among the land, buildings and studio-room. Therefore none of these claimed amounts are here allowed as business expense deductions. 4. Regarding the amounts claimed as depreciation in respect of the studio-room, the practice of the Internal Revenue Service appears to be that where a portion of a personal residence is used for business purposes, a deduction for depreciation of such portion may be allowable; and that the basis for computing depreciation on such portion is the lesser of the fair market value or the adjusted basis of the entire residence at the time when the said portion was converted to business use, after adjustment to reflect the portion of the entire residence that is used for business purposes. (See Rev. Rul. 62-180, C.B. 1962-2, 52.) As heretofore shown the entire residence property (including both land and improvements) was acquired by petitioner in about 1943 for the price of $7,500; but the evidence is insufficient to establish the portion of said price which is allocable to the house. Certain improvements to the house were thereafter made; and upon sale of the house in the year 1961 (the year following the taxable years here involved) *139 petitioner claimed that his adjusted basis for the entire property (including land and buildings) was $19,198.24. However the sale price of the entire property in 1961 is not established by the evidence herein. Also there is no evidence which establishes the time when the studio-room was converted to business use, or the fair market value of the house or the studio-room at the time of such conversion, or the remaining useful life of the house or the studio-room at that time. In this situation neither the basis nor rate for computing depreciation on either the entire house or the studio-room for the years 1959 and 1960, can be determined from the evidence. We believe, however, that some depreciation should be allowed for the taxable years in respect of the studio-room; and by applying the principle of Cohan v. Commissioner, supra, we conclude and hold that a deduction for depreciation of the studio-room is allowable in the amounts of $110 per year for each of the years 1959 and 1960. Automobile Depreciation and Expenses In March 1956, petitioner acquired a 1956 Eldorado Cadillac automobile at a cost of $8,628. He depreciated the car over a 4-year period after using *140 only $350 as salvage value; and he reported on his 1959 income tax return that the amount of depreciation allowed or allowable for prior years was $5,862.75. He received $1,475 as trade-in value when he disposed of this car on May 11, 1960. The car was used by him in commuting between his home and his places of salaried employment, for other personal uses, and also in his independent contracting business. He maintained no records to show what portion of the mileage was for business purposes. Applying the principle of Cohan v. Commissioner, supra, and after making adjustments which we regard to be proper for reasonable salvage value and for petitioner's personal use of the car, we have concluded that depreciation on this car should be computed as follows: Allocated
Allocated
to busi-
to per-
ness use
sonal use
Cost of 1956 Cadillac - $8,628
$6,471
$2,157
Salvage value - $1,000
750
250
Adjusted basis
$5,721
$1,907
Depreciation to 1/1/59
$5,862.75
Depreciable base on 1/1/59
None
Allowable depreciation after
1/1/59
None
On the basis of the foregoing we hold that no amount is deductible as depreciation on this 1956 Cadillac *141 for either of the taxable years 1959 and 1960. On May 11, 1960, petitioner purchased a 1960 Eldorado Cadillac automobile at a cost of $8,650.89; and he received a trade-in allowance of $1,475 for his above-mentioned 1956 Cadillac. In his 1960 income tax return, petitioner elected to depreciate this new car by use of a declining balance method over a period of 5 years, and an estimated salvage value of $1,472.24. He did not, however, make any adjustment for personal use of the car. It is our opinion that, after making allowance for such personal use, the amount which should be allowed as a deduction for depreciation on this 1960 Cadillac for 7 2/3 months of the taxable year 1960, is $1,306. Petitioner has claimed deductions for automobile business expenses (exclusive of depreciation) as follows: Item
1959
1960
Operating expenses
$ 949.48
$ 615.94
Insurance
159.00
322.00
Licenses
62.00
143.00
Parking fees
75.00
100.00
Totals
$1,245.48
$1,180.94 He made no allowance for his personal use of the cars. It is our opinion that, after making allowances for such personal use, the amounts which should be allowed as deductions for the above-mentioned items *142 are: $934 for the year 1959; and $886 for the year 1960. Entertainment and Promotion Expenses Petitioner, in his reply brief herein, has claimed deductions for entertainment and promotion expenses in connection with his independent contracting work, as follows: $322.54 for 1959; and $312.69 for 1960. The respondent, in his notice of deficiency, allowed only portions of these claimed amounts, i.e., $125.81 for 1959; and $63.94 for 1960. At the trial herein, petitioner presented in support of his claims, itemized lists of the dates, places, persons entertained, and purposes of the entertainment - except in a few instances where one or more of such specifications was missing. After considering and weighing all the evidence regarding these entertainment and promotion expenses, it is our opinion and we here hold, that the above-mentioned claimed deductions of $322.54 and $312.69 for the years 1959 and 1960, respectively, should be allowed in full. Re Issue 2 The respondent, in his notice of deficiency, determined that the 5 percent addition to tax for negligence under section 6653(a) of the 1954 Code should be imposed for each of the taxable years involved. The major reason *143 for this determination was inadequacy or absence of substantiating evidence for petitioner's claims. It is our opinion, after considering and weighing all the evidence relating to this issue, that no addition to tax under said section 6653(a) should be imposed for either of the taxable years involved. Decision will be entered under Rule 50. Footnotes
1. This price is shown in an escrow statement dated November 12, 1943, which petitioner attached to his reply brief, which we here treat as an admission on his part.↩